UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGAR ANTUNEZ, | ) | Case No. CV 12-528 AHS(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| UNKNOWN, | ) | |
| Respondent. | ) | |

On or about January 19, 2012, petitioner Edgar Antunez ("petitioner"), a California state prisoner proceeding *pro se*, initiated this action by filing what appears to be a letter seeking an extension of time to file a federal petition for writ of habeas corpus raising unspecified claims that are the subject of California Supreme Court Case No. S184372 ("Extension Request").[1]  He has not, however, filed a federal petition for writ of habeas corpus in this Court.  For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

///

---

[1] The Letter Request, which bears an undated signature of petitioner, appears to have been served by petitioner on December 12, 2011, to have been lodged with the Clerk on December 23, 2011, and to have been formally filed on January 19, 2012.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy.  <u>United States Nat'l Bank v. Independent Ins. Agents of America, Inc.</u>, 508 U.S. 439, 446 (1993); <u>Johnson v. Weinberger</u>, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to cases and controversies).  A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed.  <u>Johnson</u>, 851 F.2d at 235.

A federal court lacks jurisdiction to consider matters relating to a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution.  <u>See</u> <u>Ford v. Warden</u>, 2008 WL 2676842 (C.D. Cal. 2008) (Constitution's "case or controversy" jurisdictional requirement precludes giving of advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition); <u>United States v. Leon</u>, 203 F.3d 162, 163 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); <u>see also</u> <u>United States v. Cook</u>, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

///
///
///
///

1  Here, because petitioner has not actually filed a federal petition for writ of
2 habeas corpus in this action, there is no case or controversy to be heard.
3 Consequently, this Court is without jurisdiction to consider the Extension Request.
4  For the foregoing reasons, this case is dismissed without prejudice.
5  IT IS SO ORDERED.
6  DATED:  January 31, 2012

ALICEMARIE H. STOTLER
_____
HONORABLE ALICEMARIE H. STOTLER
SENIOR UNITED STATES DISTRICT JUDGE